OWENS–CORNING FIBERGLAS CORPORATION and Polytron Company, By and Through Walsh Construction Company

v.

The UNITED STATES.

No. 301–66.

United States Court of Claims.
July 16, 1969.

———◆———

Walter F. Pettit, San Francisco, Cal., attorney of record, for plaintiff. Harold C. Nachtrieb, Thomas W. Kemp, Allan J. Joseph, Miller, Groezinger, Pettit, Evers & Martin, San Francisco, Cal., of counsel.

Lawrence S. Smith, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## ON STIPULATION AND REQUEST FOR AN ORDER

PER CURIAM.

This is a contract case, involving an agreement between plaintiff Walsh Construction Company and the Atomic Energy Commission, which is in this court on review under the Wunderlich Act, 41 U.S.C.° §§ 321, 322 (1964), of a Commission decision. Both parties have moved for summary judgment on the administrative record. Trial Commissioner Spector recommended, in a comprehensive opinion filed April 21, 1969, that plaintiff be held entitled to recover, and that further proceedings here be stayed to permit the parties to obtain an administrative resolution by the agency of plaintiff's equitable adjustment.

The parties thereupon stipulated that "the plaintiff is entitled to recover in accordance with the ultimate conclusion of the Report of the Commissioner" and that the court proceedings be suspended "in order to afford the parties an opportunity to obtain an administrative resolution" by the Atomic Energy Commission "of the equitable adjustment to which, under this stipulation, the plaintiff is entitled". The parties requested the court to issue an order to the foregoing effect. However, the stipulation also provided that "Inasmuch as the defendant does not agree with all aspects of the Opinion of the Commissioner, filed April 21, 1969, although it takes no issue with the ultimate determination that plaintiff is entitled to an equitable adjustment under the Changes article, it is further stipulated and agreed the parties will request, and do so request herein, that said Opinion not be adopted by the Court as its opinion for publication, but instead that the Court issue an order holding that plaintiff is entitled to recover an equitable adjustment on the basis of its efforts to comply with specifications impossible to perform". The stipulation concluded by stating that "in the event that the stipulation is rejected in whole or in part by the Court, it is agreed that the entire

stipulation shall be void and of no effect whatsoever." [1]

The court rejects the stipulation because it seeks to tie the court's hands as to whether it shall issue an opinion and what the content of that opinion shall be. The court will not entertain a motion by one party, a joint motion, or a stipulation in which it is made a condition of acceptance of or acquiescence in a trial commissioner's recommendation that the court will take any specified action with respect to the commissioner's opinion supporting that recommendation, i. e. adopt the opinion as it stands, adopt it as modified in a certain way, or not adopt it at all. The court must remain wholly free to issue such opinions and in such form as it deems proper.

If a party who wishes to accept or acquiesce in a commissioner's ultimate recommendation is dissatisfied with all or part of the commissioner's opinion (or reasoning) supporting that recommendation, such party should inform the court by motion or stipulation, that he accepts the ultimate recommendation (or acquiesces in it) but believes that the opinion should be modified in such-and-such a way. The other party may respond, if he wishes. The court will then consider these submissions and decide for itself—as it always does with respect to commissioner's opinions and recommended conclusions of law—whether to adopt the commissioner's opinion and, if so, whether to make any modifications in it. In no event will the court consider any acquiescence or acceptance conditioned (as is the acceptance in this case) upon the court's agreeing to take a certain course with respect to a commissioner's opinion. The acquiescence or acceptance must be unconditional, though either party can point out, as we have said, changes which it is believed should be made in the commissioner's opinion or recommendation. If a party is willing to accept or acquiesce in a commissioner's ultimate recommendation, he has no proper interest in refusing to indicate that position simply because the court may adopt supporting views with which the party does not agree.

On this basis, we reject the stipulation in this case and decline to issue the order suggested in the stipulation. The parties may now proceed under the practice outlined above in this opinion, or the defendant may except to the trial commissioner's recommendation and opinion in due course (under Rules 99(a) and 55(b)(3)); for that purpose, the date of this opinion shall be considered the date of the filing of Commissioner Spector's report.

---

1. The full text of the stipulation is as follows:

"The parties hereto stipulate as follows:

"For the purpose of obviating further proceedings in this Court, it is agreed that the plaintiff is entitled to recover in accordance with the ultimate conclusion of the Report of the Commissioner, filed April 21, 1969 and that the instant proceedings are to be suspended, pursuant to Rule 100, for a period of ninety (90) days, in order to afford the parties an opportunity to obtain an administrative resolution by the agency involved, namely, the Atomic Emergency Commission, of the equitable adjustment to which, under this stipulation, the plaintiff is entitled. The parties request the Court to issue an Order to this effect and that a copy of the Order, together with a copy of the said Report of the Commissioner, be forwarded, as provided for in Rule 100, to the Atomic Energy Commission. Inasmuch as the defendant does not agree with all aspects of the Opinion of the Commissioner, filed April 21, 1969, although it takes no issue with his ultimate determination that plaintiff is entitled to an equitable adjustment under the Changes article, it is further stipulated and agreed the parties will request, and do so request herein, that said Opinion not be adopted by the Court as its opinion for publication, but instead that the Court issue an order holding that plaintiff is entitled to recover an equitable adjustment on the basis of its efforts to comply with specifications impossible to perform.

"This stipulation is made for the purpose of obviating further proceedings at this time by enabling the Court to enter the aforesaid Order in the event the Court shall accept this stipulation in its entirety. However, in the event that this stipulation is rejected in whole or in part by the Court, it is agreed that the entire stipulation shall be void and of no effect whatsoever."

COWEN, Chief Judge (concurring in the result):

I concur in the result reached by the court in its per curiam opinion, because the terms of the stipulation are conflicting and inconsistent. On the one hand, it recognizes the need for the Atomic Energy Commission to have the complete report of the trial commissioner and calls for affirmative judicial action by requesting that a copy of the report be forwarded to the Commission pursuant to our Rule 100. On the other hand, the stipulation sets forth, as a condition to its acceptance, a request that the commissioner's report not be adopted by the court for publication as its opinion.

With the possible exception of a stipulation for dismissal filed pursuant to Rule 67(a), I assume no one doubts the authority of the court to reject any stipulation of the parties. But the question here is not whether the court may reject a stipulation but what standards the court should follow in taking that action. The purpose of the court is to serve the litigants in a manner that will also serve the public interest in the just and speedy termination of all litigation. I feel that it is one of the principal obligations of the court and a constant duty of the commissioners to encourage and assist the parties in disposing of every case as simply, as quickly, and as economically as the attainment of a just result will permit. Therefore, I cannot join in the adoption of a rule which would reject—out of hand—every stipulation terminating a controversy on the basis of a commissioner's report, solely because the acceptance of the stipulation is conditioned upon a request that the commissioner's opinion not be adopted or published by the court. Many cases are settled or dismissed following the determinations and recommendations of our trial commissioners. In my opinion, it would be most unfortunate to promulgate a policy that might have the effect of retarding that salutary practice. There is general agreement that not every opinion by a commissioner—or by the court—has precedential value. Rigid adherence to an inflexible rule that calls for the rejection of every such conditional stipulation may serve no useful purpose and may only prolong and increase the cost of much litigation. As Mr. Justice Harlan recently remarked: "We have labor enough in deciding those pressing disputes which the parties are unable to resolve; there is no need to 'do justice' when no litigant is complaining that a wrong has been committed". Utah Public Serv. Comm'n v. El Paso Natural Gas Co., 395 U.S. 464, 476, 89 S.Ct. 1860, 1866, 23 L.Ed.2d 474 (June 16, 1969) (dissenting).

I will not undertake to detail the principles I think the court should follow in accepting or rejecting such conditional stipulations, for it is a subject on which we should have the advice of the bar of the court. Therefore, I hope the court will request its Rules Committee to seek the advice of the bar, perhaps through the group of able attorneys who recently assisted in the revision of the court's rules, in formulating a proper set of standards to be adopted by the court for the guidance of the parties when situations like this arise again.

NICHOLS, Judge (concurring):

This case confronts us, I think, with issues we should be prepared to face, if we cannot resolve.

The stipulation is certainly unacceptable. To me it suffices that it is contradictory in its terms, proposing at once to suppress the commissioner's report, and to use it to instruct the Atomic Energy Commission how to determine the equitable adjustment plaintiff is entitled to receive. We are supposed to act on the stipulation, uninformed as to why defendant finds the said report unacceptable, while it is simultaneously willing that the case should proceed to resolution according to its terms. Clearly it proposes we should decide with blindfolds on, something I deem it rash to do.

I recognize that defendant's main interest in our decisions is often, indeed,

usually, in the pronouncements we make in our opinions, rather than the pecuniary outcome. Plaintiffs, usually, if they get their money, care little what we say. Therefore, the practice indicated in the proposed stipulation if regularized by us, would lend itself to a manipulation of the published decisional material, to favor the views and concepts the defendant's able Department of Justice desires to have adopted as the views and concepts of courts.

On the other hand, plaintiffs justly entitled to recover have to wait long enough for their money as it is (with no interest running in most classes of cases) without having to wait a further interval so that defendant can litigate mere semantics perhaps, after it has concluded that it has an obligation to pay. If our rejection of this proposed stipulation or any other has the effect of prolonging litigation long after the amount due and owing, or the principles for establishing it, are settled, I think it has an effect we will live to regret.

Our practice of adopting our commissioners' recommended opinions *per curiam* under their names, puts them in the position of competing for space in our reports, and it is certainly unfair to bar such an opinion from access to this space because it is too successful, no party being willing to question it longer. On the other hand, it may be unfair to the judges if they are expected to adopt lengthy dissertations as their own, on the sole basis that no one has objected to them. There are many reasons why a party may give up a case, besides disbelief in its merits. Hitherto this has mostly been true of plaintiffs, but if what one hears of current budgetary limitations are true, defendant also may be surrendering after initial setbacks, for no other reason but lack of funds to continue.

I think there are ample reasons to reject the stipulation proposed to us here, but beyond that, I wish to keep my options open. The problem requires further study, and an established practice fair to all the interests involved.