This case was before the court *967 previously on the parties’ motions for summary judgment (194 Ct. Cl. 559, 439 F. 2d 160 (1971)), and upon remand to the trial judge has been tried on its merits. The issue is whether or not defendant breached the contract by unreasonable inaction or delay in investigating so-called “changed conditions” called to its attention, and by failure to provide plaintiff with sufficiently precise new directions, so as to idle the latter’s equipment and frustrate its full utilization. In a recommended decision filed March 5,1975 (reported in full at 20 CCF para. 83772), Trial Judge Louis Spector concluded that on the basis of the evidence presented at trial plaintiff promptly notified the contracting officer in writing of subsurface conditions at the site differing materially from those indicated in the contract, that the contracting officer promptly investigated the conditions and took steps to rectify them, that plaintiff has not shown any delay or damage caused by Government action or inaction in providing instructions following discovery of “changed conditions,” and that defendant did not breach its duty of due care in the original preparation of plans and specifications, nor its duty to promptly investigate changed conditions and promptly to provide plaintiff with revised instructions. On June 20, 1975 the court issued the following order:
Before SkeltoN, Judge, Presiding, Ktjnzig and BeNNett, Judges.
“This case is before us on the motion of defendant to adopt the opinion of the trial judge with certain requested modifications. Neither the plaintiff nor the defendant excepted to the decision of the trial judge.
“We conclude that the opinion of the trial judge should be adopted as written. While we have considered the modifications requested by defendant, even though not presented as exceptions to the opinion of the trial judge, we have concluded that such modifications should not be made. The court will always consider suggestions for modification of opinions, but we reserve judgment as to whether to allow or deny them. See Owens-Corning Fiberglas Corp. v. United States, 188 Ct. Cl. 760, 412 F. 2d 1277 (1969).
“Accordingly, defendant’s motion to adopt the trial judge’s opinion is allowed and the opinion is adopted. However, that *968 part of said motion requesting modifications is denied. The petition is dismissed.”